UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81294-CIV-MARRA

ERIC ROGERS,

Plaintiff,

vs.

5101 CORPORATION,
JAY PREEFER and RICHARD PREEFER,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss (DE 10). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

On July 18, 2016, Plaintiff filed a Complaint for injunctive relief to remove physical barriers at Defendants' property pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA"). (DE 1.) Defendants move to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, claiming that the case is moot. Specifically, Defendants claim that the "physical barriers have been removed and the defendants have no plan to re-establish any physical barriers to persons with disabilities." (Mot. at 6.) In support, Defendants attach affidavits from an architect and Defendant Richard Preffer. (DE 10-1, 10-2.)

In response, Plaintiff states that the evidence submitted by Defendants show that barriers to access alleged in the Complaint still remain, that not all of the alleged violations are structural

modifications that can be permanently remedied but relate to policies such as placement of table and chairs, and there are remaining issues of fact that require time to conduct discovery.

II. Discussion

Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms:

> 'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. . . . 'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.

Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir.1990) (citations, quotation marks and brackets omitted). This case presents a factual attack such that examination of matters outside of the pleadings is appropriate.

In Sheely v. MRI Radiology Network, P.A., the Eleventh Circuit addressed mootness in the ADA context. 505 F.3d 1173 (11th Cir. 2007). There, the district court granted summary judgment to the defendant on the basis that defendant voluntarily ceased activities alleged to be in violation of the ADA. Id. at 1183. The Eleventh Circuit reversed and explained the burden defendants bear in making such a mootness argument. "The 'formidable,' 'heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." Id. at 1184 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000)). "A defendant's assertion that it has no intention of reinstating the challenged practice does not suffice to make a case moot and is but one of the factors to be considered in determining the appropriateness of granting an injunction against the now-discontinued acts." Id. (internal quotation marks omitted).

Based on this record, the Court cannot determine whether Defendants have removed all the barriers in an effort to provide Plaintiff with the relief sought or whether the challenged conduct will repeat itself.  The case is in the early stages of litigation and Plaintiff has not been afforded the opportunity to take discovery or visit the premises to make an independent assessment of the condition of the property.  As such, the Court denies Defendant's motion without prejudice to allow Plaintiff the opportunity to pursue discovery and visit the property.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE 10) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of September, 2016.

_____
KENNETH A. MARRA
United States District Judge